U.S. DISTRICT COURT
DISTRICT OF NH

2019 SEP 23 AM 11:27

FILED

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

TRAVIS JARED PARK, Pro Se )
)
    Plaintiff )
)
v. )
)
SCOTT BAILEY (in his official capacity )
    as Special Agent of the FBI), )   Case No: 1:19-cv-991-LM
CHRISTOPHER WAGNER (in his official )
    capacity as head of the State of New )
    Hampshire Police), and )
STEVEN RUSSO (in his official capacity )
    as head of the City of Keene Police) )
)
    Defendants )

COMPLAINT UNDER RULE 41(g)

(1) Come now the plaintiff, TRAVIS JARED PARK, appearing pro se and residing at 13918 E Mississippi Ave #152 in Aurora, Colorado, and does bring this complaint under the Federal Rules of Criminal Procedure Rule 41(g) against the following defendants:

(2) Special Agent SCOTT BAILEY, in his official capacity as Special Agent of the Federal Bureau of Investigation, at 201 Maple Street in Chelsea, Massachusetts,

(3) Colonel CHRISTOPHER WAGNER, in his official capacity as head of the New Hampshire State Police, at 33 Hazen Drive in Concord, New Hampshire, and

(4) Police Chief STEVEN RUSSO, in his official capacity as head of the City of Keene

Police Department, at 400 Marlboro Street in Keene, New Hampshire.

(5) On March 20, 2016, the defendants did unlawfully search and seize property belonging to the plaintiff from the second-story south-side bedroom of 73 Leverett Street in Keene, New Hampshire (hereinafter called "plaintiff's property").

## JURISDICTION OF THE COURT

(6) Rule 41(g) of the Federal Rules of Criminal Procedure states:

> *Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.*

As the unlawful seizure occurred in New Hampshire, the court has jurisdiction over this matter under Rule 41(g) of the Federal Rules of Criminal Procedure.

## CASE SUMMARY

(7) On or about February 20, 2015, the defendants shut down a child pornography website named "Playpen" and obtained a search warrant (warrant number 1:15-SW-89, signed by Magistrate Judge Theresa Buchanan in the Eastern District of Virginia) to deploy a network investigative technique ("NIT") to reveal the IP addresses of computers attempting to access the "Playpen" website in violation of 18 USC 2252. According to the defendants in a subsequent search warrant affidavit, one of those IP addresses traced back to 73 Leverett Street in Keene, New Hampshire.

(8) On November 1, 2015, the innocent plaintiff, completely unaware of the ongoing 18 USC 2252 investigation into 73 Leverett Street, signed a lease for the second-story south-side bedroom at 73 Leverett Street in Keene, New Hampshire.

(9) On March 20, 2016, the defendants executed search warrant 16-MJ-36-01-06, signed by Magistrate Judge Daniel Lynch, against the plaintiff at 73 Leverett Street. When the defendants arrived at 0600 hours at the plaintiff's residence, the plaintiff recognized the defendants as heavily armed gunmen approaching the house. The plaintiff promptly removed all clothing to avoid being shot by the defendants. The plaintiff greeted the defendants while nude and on video camera, and the defendants proceeded to search the plaintiff's room and seize the plaintiff's property.

## LEGAL ANALYSIS

(10) The defendants' search warrant violates Rule 41(b) of the Federal Rules of Criminal Procedure. Under the law in effect at the time the defendants applied for their search warrant, federal magistrate judges could not authorize searches outside their territorial jurisdiction. Rule 41(b) was changed on December 1, 2016, to specifically allow magistrate judges to authorize this type of search. Magistrate Judge Buchanan exceeded her lawful authority over the Eastern District of Virginia on February 20, 2015 under Rule 41(b) by issuing a search warrant for a computer located in New Hampshire. Without a valid search warrant, the defendants' actions constitute an unlawful search and seizure of the plaintiff's property under the 4th Amendment.

(11) Even if the defendants' warrant were valid, there is still the issue of the plaintiff's

innocence to overcome. The plaintiff can produce ample evidence that he was not living at 73 Leverett Street when the "Playpen" website was accessed. The defendants have had over three years to examine the plaintiff's property and they can produce no evidence that the plaintiff or his property were involved in a violation of 18 USC 2252. That is because the plaintiff is wholly innocent of the crime they are investigating. The plaintiff submits to the court that the defendants know, or should reasonably know from their forensic examination of the plaintiff's property, that the plaintiff is innocent and has no nexus to their 18 USC 2252 investigation. It is the plaintiff's belief that the defendants' continued holding of the plaintiff's property without a valid search warrant and the defendants' continued refusal to return the plaintiff's property despite the plaintiff being innocent, is done for the purpose of harassing and intimidating the plaintiff, rather than serving a legitimate investigative purpose.

## RELIEF SOUGHT

The plaintiff seeks relief from this court in the form of a judicial order declaring the defendants' search warrant to be technically defective under Rule 41(b) of the Federal Rules of Criminal Procedure, ordering the return of the plaintiff's unlawfully seized property to 73 Leverett Street in Keene, New Hampshire, and the turning over to the plaintiff all forensic copies and forensic analysis that may have been made of the plaintiff's property by the defendants. This has been a terrifying ordeal for the plaintiff, who is wholly innocent in this matter. He was robbed at gunpoint by the defendants with an invalid search warrant – which at its core is a piece of paper authorizing agents of the state to commit armed robbery in the pursuit of justice. It is time to bring this long, legal charade to an end and return the plaintiff's property to him.

Signed,

*Travis J. Park, Pro Se*

Travis Jared Park, Pro Se
13918 E Mississippi Ave #152
Aurora, CO  80012
tjcpe@protonmail.com
(720) 737-3215.