UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

| | |
|---|---|
| TRAVIS JARED PARK, PRO SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:19-CV-991-LM |
| | ) |
| SCOTT BAILEY (in his official capacity as | ) |
| a Special Agent of the FBI), | ) |
| CHRISTOPHER WAGNER (in his official | ) |
| capacity as head of the State of New | ) |
| Hampshire Police), and | ) |
| STEVEN RUSSO (in his official capacity | ) |
| as head of the City of Keene Police, | ) |
| | ) |
| Defendants. | ) |

_____

## DEFENDANT STEVEN RUSSO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Steven Russo by and through his attorneys, Devine, Millimet & Branch, Professional Association, submits this Memorandum of Law in support of his Motion to Dismiss, stating as follows:

## FACTUAL BACKGROUND

Plaintiff Travis Jared Parker has brought a claim against Defendants to recover his personal property.[1] Plaintiff alleges that on or about February 20, 2015, Defendants shut down a child pornography website named "Playpen" and obtained a search warrant (warrant number 1:15-SW-89, signed by Magistrate Judge Theresa Buchanan in the Eastern District of Virginia) to deploy a network of investigative techniques to reveal the IP addresses of computers attempting to access the "Playpen" website in violation of 18 U.S.C. 2252. *See Complaint*, ¶7. According to a

---

[1] While not relevant to this Motion, Mr. Russo, the City of Keene Police, and the City of Keene do not have, nor have they ever had in their possession, Plaintiff's property.

subsequent search warrant affidavit, one of those IP addresses traced back to 73 Leverett Street in Keene, New Hampshire ("73 Leverett Street"). *See Complaint*, ¶7

On November 1, 2015, Plaintiff signed a lease for the second-story south-side bedroom at 73 Leverett Street. *See Complaint*, ¶8. Thereafter, on March 20, 2016, search warrant 16-MJ-36-01-06, signed by Magistrate Judge Daniel Lynch, was executed. *See Complaint*, ¶9. Plaintiff claims that when Defendants arrived at 0600 hours at Plaintiff's Residence, he got undressed and greeted Defendants while nude and on video camera. *See Complaint*, ¶9. Defendants allegedly proceeded to search Plaintiff's room and seized Plaintiff's property. *See Complaint*, ¶9.

## ARGUMENT

### I.   STANDARD OF REVIEW

In assessing a motion to dismiss, the Court construes "all well-pleaded facts in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 140 (1st Cir. 2016). Judgment on the pleadings is appropriate if "the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face." Id. The standard "is the same as that for a motion to dismiss under Rule 12(b)(6)." *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 96 (1st Cir. 2014), cert. denied, 135 S. Ct. 179 (2014).

Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Id*. at 570. But if the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Tambone*, 597 F.3d at 442.

## II. THE STATUTE OF LIMITATIONS HAS BARRED PLAINTIFF'S CLAIMS

Because Rule 41(g) only applies to the federal defendant and is not a viable action for recovery against municipalities or municipal employees, New Hampshire's three-year statute of limitations for personal actions is applicable to Plaintiff's claims, if any, against Mr. Russo. (*See Reddick v. Wagelinq*, 2005 U.S. Dist. LEXIS 19383 (2005) (Indicating that to the extent that the plaintiff sought return of his property from a federal government, he should do so pursuant to Rule 41(g)). Pursuant to RSA 508:4, "all personal actions. . . may be brought only within 3 years of the act or omission complained of . . .". It is undisputed that the date on which Plaintiff alleges his property was seized was March 20, 2016, more than three years before his Complaint was filed. *See Complaint*, ¶9. Plaintiff has pled no allegations susceptible to invoking the discovery rule.

"Compliance with statutes of limitations . . . is not a mere procedural technicality." *Donnelly v. Eastman*, 149 N.H. 631, 633 (2003). "Statutes of limitation are designed to expedite the orderly administration of justice." *Id*. at 634 (quotation and citation omitted). "The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Id*. (quotation and citation omitted). The New Hampshire Supreme Court has, "cautioned against judicial repeal of the statute of limitations and

the substitution of ad hoc, judge-made rules that would vary from case to case." *Id*. (quotation and citation omitted). In this case, where the undisputed facts show that Plaintiff's cause of action against Mr. Russo, if any, accrued on March 20, 2016, Plaintiff's claims against Mr. Russo are barred by the three-year statute of limitations.

## III.     CONLCUSION

For the foregoing reasons, Plaintiff's claims against Steven Russo should be barred by the statute of limitations and the Court should dismiss all claims in the Complaint against Steven Russo with prejudice.

Respectfully submitted,

STEVEN RUSSO

By his Attorneys
DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Dated:  November 1, 2019          By:*/s/ Ashley R. Theodore*
                                                 Matthew R. Johnson (Bar #13076)
                                                 Ashley R. Theodore (Bar # 268090)
                                                 111 Amherst Street
                                                 Manchester, NH 03105
                                                 (603) 669-1000
                                                 mjohnson@devinemillimet.com
                                                 atheodore@ devinemillimet.com

## CERTIFICATE OF SERVICE

I, Ashley R. Theodore, hereby certify that this day I caused a copy of the foregoing to be transmitted to all counsel of record via the Court's Electronic Case Filing system.

Dated:  November 1, 2019                    */s/ Ashley R. Theodore*
                                                         Ashley R. Theodore