UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

TRAVIS JARED PARK, pro se

v.  Civil Action No. 1:19-cv-991-LM

SCOTT BAILEY (in his official capacity as
    a Special Agent of the FBI),
CHRISTOPHER WAGNER (in his official
    capacity as head of the State of New
    Hampshire Police), and
STEVEN RUSSO (in his official capacity as
    head of the City of Keene Police)

**DEFENDANT CHRISTOPHER WAGNER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Colonel Christopher Wagner, in his official capacity as Director of the New Hampshire State Police ("State Police"), by and through his counsel, the Office of the Attorney General, respectfully submits this Memorandum of Law in support of his Motion to Dismiss, stating as follows:

**RELEVANT FACTS[1]**

Plaintiff Travis Jared Park filed a complaint pursuant to Federal Rules of Criminal Procedure Rule 41(g) for the return of property seized in the course of the execution of search warrant.[2] (Compl. at 6). In the course of investigating a child pornography website named "Playpen", Park alleges that on or about February 20, 2019 the Defendants obtained a search warrant (Warrant No. 1:15-SW-89) to deploy a Network Investigative Technique ("NIT") to reveal the IP addresses of computers attempting to access the

---

[1] For purposes of this motion only, the facts as alleged in the Complaint are accepted as true.
[2] While not relevant to this Motion, Colonel Wagner and the New Hampshire State Police do not have, nor have they ever had in their possession, any property seized in the search of 73 Leverett Street in Keene, NH.

1

"Playpen" website in violation of 18 USC § 2252. (Compl. at 7). The NIT apparently led to an IP address traced to 73 Leverett Street in Keene, New Hampshire, where the Plaintiff resided beginning on or about November 1, 2015. (Compl. at 7-8). On March 20, 2016 the defendants executed Search Warrant 16-MJ-36-01-06 and conducted a search of 73 Leverett Street in Keene, New Hampshire and the Plaintiff's property was seized in the course of that search. (Compl at 9).

## LEGAL STANDARD

A motion seeking the return of property filed under Fed. R. Crim. P. 41(g) shall be treated as a civil complaint for equitable relief. See United States v. Uribe-Londono, 238 F. App'x 628, 630 (1st Cir. 2007).

This motion to dismiss is made pursuant to Fed. R. Civ. P. 12(c), as a judgment on the pleadings, which is treated much like a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (2008). In ruling on such a motion, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmovants favor. R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). A claim will be dismissed "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). While a complaint "does not need detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), this Court must reject "unsupported conclusions or interpretations of law," Estate of Bennett v. Wainwright, 548 F.3d 155, 162 (2008) (quotations omitted), and the allegations "must be

enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555.

A complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The right to self-representation, however, does not confer immunity from compliance with relevant rules of procedural and substantive law. Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985); Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

## ARGUMENT

**The Plaintiff's claims against Colonel Wagner and the New Hampshire State Police are barred by the statute of limitations.**

The Plaintiff's claims against Colonel Wagner and the State Police are barred by New Hampshire's statute of limitations and must be dismissed. "Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.' " Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001) (quoting Aldahonda–Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989)). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quotation omitted).

While a claim pursuant to Fed. R. Crim. P. 41(g) for the return of property is subject to a six-year statute of limitations under 28 U.S.C. § 2401(a), Santiago-Lugo v.

3

United States, 538 F.3d 23, 24 (2008), such an action may only lie against federal defendants. See 28 U.S.C. § 2401(a) ("[E]very civil action **against the United States** shall be barred unless the complaint is filed within six years after the right of action first accrues" (emphasis added)). Plaintiff's claims against the State of New Hampshire, however, are governed by RSA 508:4, I, which holds that "all personal actions … may be brought only within 3 years of the act or omission complained of … ."

By the Plaintiff's own admission, his property was seized on March 20, 2016. (Compl. at 9). Further, the initial search warrant against the "Playpen" website was executed on February 20, 2015. (Compl. at 7). The Plaintiff's complains that the initial "Playpen" search warrant which led to the March 20, 2016 search and seizure was deficient or unlawful. (Compl. at 10). To the extent that the Plaintiff's claims against the State Police arise from the execution of an allegedly unlawful search warrant, these claims are barred by RSA 508:4, I. Taken in the light most favorable to the Plaintiff, his cause of action accrued on the day the allegedly unlawful search warrant was executed and his property was seized. See Gagnon v. G.D. Searle & Co., 889 F.2d 340, 343 (1st Cir. 1989) ("a cause of action accrues when the plaintiff knows or should know that he is injured and that the injury may have been caused by the defendant's conduct.")

Even where a Court applies the State's statute of limitations, "[i]t is federal law, however, that determines when the statute of limitations begins to run." Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir.2010) (citing Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir.2008)). Under federal law, a cause of action stemming from an alleged illegal search and seizure "beg[ins] to accrue at the time of injury or wrongful act: the illegal searches and seizures …" Medina v. Toledo, 718 F. Supp. 2d 194, 204 (D.P.R.

4

2010), aff'd sub nom. Moreno-Medina v. Toledo, 458 F. App'x 4 (1st Cir. 2012). The Plaintiff's cause of action arises from the February 20, 2015 search warrant and March 20, 2016 search and seizure. The 3 year statute of limitations on the Plaintiff's claims, as prescribed by RSA 508:4, I expired prior to the filing of this lawsuit on September 23, 2019 and therefore the Plaintiff's claims against Colonel Wagner and the State Police must be dismissed.

## CONCLUSION

For all the reasons set forth above, the Plaintiffs claims against Colonel Christopher Wagner and the New Hampshire State Police are barred by the Statute of Limitations, and fail to state a claim upon which relief may be granted. For these reasons the Court should dismiss all claims in the Complaint against Colonel Christopher Wagner and the New Hampshire State Police with prejudice.

                Respectfully submitted,

                CHRISTOPHER WAGNER, IN HIS OFFICIAL CAPACTIY AS THE DIRECTOR OF THE NEW HAMPSHIRE STATE POLICE

                By his Attorneys,

                GORDON J. MACDONALD
                ATTORNEY GENERAL

November 8, 2019        /s/Allison B. Greenstein_____
                Allison B. Greenstein, Bar. No. 265364
                Assistant Attorney General
                New Hampshire Attorney General's Office
                33 Capitol Street
                Concord, New Hampshire 03301-6397
                (603) 271-3675
                allison.greenstein@doj.nh.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of November, 2019, a copy of the above Motion was served via ECF on all counsel of record and by first class mail to

Travis Jared Park
13918 E Mississippi Ave. # 152
Aurora, CO 80012

                                              /s/Allison B. Greenstein_____
                                              Allison B. Greenstein