UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| TRAVIS JARED PARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-991-LM |
| | ) | |
| SCOTT BAILEY, in his official capacity as | ) | |
| As Special Agent of the FBI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT SCOTT BAILEY'S RESPONSE
TO PLAINTIFF'S COMPLAINT

Defendant Federal Bureau of Investigation (FBI) Special Agent Scott Bailey answers

Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff lacks standing to challenge the validity of the underlying search warrant.

THIRD DEFENSE

Defendant further answers Plaintiff's Complaint by answering the specifically numbered

paragraphs of the Complaint as follows:

1.      Defendant admits that Plaintiff Travis Park is appearing pro se in this matter that,

while framed as a complaint under Fed.R.Crim.P. 41(g), is treated as a civil equitable

proceeding.  Defendant is without sufficient knowledge or information to form a belief as to the

remaining allegation regarding Plaintiff's residence contained in paragraph 1 of Plaintiff's

Complaint and, on that basis, denies it.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant Wagner has been dismissed from this action and, therefore, no response is required to paragraph 3 of Plaintiff's Complaint.

4. Defendant Russo has been dismissed from this action and, therefore, no response is required to paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint. Defendant states that on March 20, 2016, a lawful search warrant was executed at 73 Leverett Street, Keene, New Hampshire by the FBI with the assistance of local law enforcement.

6. With respect to paragraph 6 of Plaintiff's Complaint, this paragraph contains a characterization of Federal Rule of Criminal Procedure 41(g), which speaks for itself, and to which no response is required. Defendant admits that this Court has jurisdiction over this civil equitable proceeding. Defendant denies any remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that the investigation underlying this action, which eventually led to 73 Leverett Street in Keene, New Hampshire, arose in the Eastern District of Virginia and refers the Court to the Affidavit of Special Agent Scott Bailey In Support Of Application for Search Warrant, *In the Matter of the Search of 73 Leverett Street, Keene, New Hampshire*, 1:16-mj-00036-DL, U.S.D.C., DN 1-1 (Bailey Affidavit), for specific facts relating to the investigation. Defendant denies any facts contained in paragraph 7 not supported by the Bailey Affidavit.

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and, on that basis, denies them.

9.      Defendant denies that the underlying search warrant was executed against the plaintiff.  Defendant admits the remaining allegations contained in the first sentence of paragraph 9 of Plaintiff's Complaint.  Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's thoughts or motivations as set forth in the second and third sentence of paragraph 9 and, on that basis, denies those allegations.  Defendant admits that property was seized in accordance with the legal search warrant, but is without knowledge or information to form a belief as to whether any or the property seized belonged to Plaintiff.

10.     Defendant denies that any of the actions taken in this investigation were unlawful as well as any remaining allegation contained in paragraph 10 of Plaintiff's Complaint.

11.     With respect to paragraph 11 of Plaintiff's Complaint, the first sentence states a conclusion to which no response is required.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second through fifth sentences of paragraph 11 of Plaintiff's Complaint and, on that basis, denies them. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's thoughts or beliefs as set forth in the final sentence of paragraph 11 and, on that basis, denies those allegations.  Finally, Defendant denies that it is wrongfully holding any property which it knows belongs to Plaintiff.

To the extent that any allegation in the Complaint is not explicitly or specifically admitted, the defendant denies each and every allegation of Plaintiff's Complaint.

Therefore, Defendant Bailey requests that the Court dismiss this action with prejudice

and that it be awarded its costs.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney


By:  /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
U.S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH  03301
603-225-1552

Dated:  January 9, 2020                    michael.mccormack2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2020, a copy of the above answer was
served via first class, postage prepaid mail to pro se plaintiff Travis Jared Park, at 13918
E. Mississippi Avenue, #152, Aurora, CO 80012.


/s/ Michael T. McCormack
_____
Michael T. McCormack, AUSA